**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

X.AI LLC,

        Plaintiff,

    v.

TERRY WAYNE HARWOOD,

        Defendant.

**Case No.**

**PLAINTIFF'S COMPLAINT**

Plaintiff X.AI LLC ("xAI" or "Plaintiff"), by and through undersigned counsel, brings this

action against Defendant Terry Wayne Harwood ("Defendant"), alleging as follows:

**<u>NATURE OF THIS ACTION</u>**



1.      Plaintiff brings this action to enforce its contractual rights and hold Defendant

accountable for his repeated, deliberate, and unconscionable violations of the xAI Terms of Service

and Acceptable Use Policy through his abhorrent abuse of Plaintiff's generative AI chatbot known

as "Grok."

2.      Grok is a powerful, neutral generative artificial intelligence tool designed by xAI

to be maximally truth-seeking and help humanity understand the universe. Like any generative AI

tool, every response, every image, every generation is the result of the user's prompts and directions. Grok is a neutral tool, subject to user control.

3.      There are bad people in the world and not all users have good intentions, so Plaintiff draws a bright line on permissible usage: the tool may be open and truth-seeking but is not a safe harbor for illegal, harmful, or abusive conduct. Plaintiff takes violations of this rule extremely seriously. It enforces its rules against violators through account suspensions, account terminations, and by reporting suspected child sexual abuse material to the National Center for Missing & Exploited Children ("NCMEC"). Indeed, Plaintiff has suspended 52,222 accounts and made 73,604 reports to NCMEC in 2026, resulting in (at least) 244 arrests.

4.      In addition and when necessary, Plaintiff will pursue civil accountability against bad actors who abuse its tool to harm others.

5.      Plaintiff strictly prohibits any use of Grok in connection with illegal, harmful, or abusive activities. These prohibitions are set forth in plain language in the xAI Terms of Service and the xAI Acceptable Use Policy. Among the expressly forbidden activities are:

- "Using [Grok] in a way that infringes, misappropriates or violates a person's privacy or their right to publicity";
- "Undressing or nudifying real persons, or otherwise altering a real person's image or likeness to depict them in an intimate or sexual context";
- "Depicting likenesses of persons in a pornographic manner"; and
- "Sexualizing or exploiting children."

xAI vigorously enforces these rules.

6.      In addition to its Terms of Service and Acceptable Use Policy, Plaintiff builds in technological safeguards to prevent bad actors from engaging in illegal, harmful, or abusive conduct, or otherwise attempting to violate its rules.

2

7.      Defendant flagrantly violated Plaintiff's rules and went to great lengths to circumvent Plaintiff's technological safeguards. Defendant opened multiple xAI accounts using false identities. Despite expressly agreeing to abide by the xAI Terms of Service and Acceptable Use Policy, Defendant designed misleading prompts to circumvent Grok's built-in safeguards and then abused the tool to convert non-sexual photographs into sexually explicit images without the photograph subjects' knowledge or consent.

8.      Upon information and belief, Defendant generated, possessed, and distributed child sexual abuse material ("CSAM") and non-consensual intimate imagery ("NCII") of both minors and adults. His conduct was knowing, intentional, and calculated. South Carolina law enforcement arrested him in connection with the creation of CSAM. Plaintiff's initial detection and reporting to law enforcement of Defendant's conduct was key to Defendant's arrest, and Plaintiff is actively providing its full support to the ongoing prosecution.

9.      Defendant's actions were a calculated scheme to weaponize Plaintiff's tool for criminal ends, exposing real victims to profound and lasting harm, while exposing Plaintiff to significant legal risk and reputational damage.

10.     This lawsuit seeks: (i) a judicial declaration that Defendant violated Plaintiff's applicable Terms of Service and Acceptable Use Policy, (ii) enforcement of the indemnification provisions contained therein, (iii) injunctive relief preventing Defendant from creating additional accounts or further circumventing Plaintiff's safeguards, and (iv) all damages to which Plaintiff is entitled, including attorneys' fees and costs.

## **PARTIES**

11.     Plaintiff X.AI LLC is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business in Palo Alto, California.

3

12.     Defendant Terry Wayne Harwood is a natural person believed to reside at 158 Pasture Drive, Gray Court, South Carolina, 29645. Upon information and belief, he is the creator and sole user of at least two xAI accounts, associated with the accounts with identification numbers "befccb94-4029-454d-9f1f-0d4945e8fa7c" and "ceae2cb4-a9f6-4885-8ae9- 6e2096d084f4".

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists, and the amount in controversy exceeds $75,000. Plaintiff is organized under the laws of Nevada with its principal place of business in California.

14.     This Court has personal jurisdiction over Defendant with respect to Plaintiff's claims because Defendant, through his use of multiple accounts on xAI, expressly consented to xAI's November 2025 Consumer Terms of Service (the "xAI Terms of Service"). The xAI Terms of Service mandate that "all disputes related to these Terms, the Service, or any patents . . . shall be brought and must proceed exclusively in the federal U.S. District Court for the Northern District of Texas or state courts located in Tarrant County, Texas, United States, and you consent to personal jurisdiction in those forums and waive any objection as to inconvenient forum."

15.     Venue is proper pursuant to the forum-selection clause in the xAI Terms of Service to which Defendant agreed and pursuant to 28 U.S.C. § 1391(b)(3).

## FACTS

16.     xAI owns and operates the set of generative AI models offered under the Grok brand. Grok is a free AI assistant designed with the goal of maximizing truth and objectivity. It is a true AI companion for unfiltered answers with advanced capabilities in reasoning, coding, and visual processing. Grok offers real-time search, image generation, trend analysis, and more.

17.    Users may access Grok directly through Grok.com, through the X platform with which it is integrated, and via other third-party platforms. More than 2.6 million xAI user accounts have been registered from Texas with approximately 850,000 unique active users in June 2026.

## A.  The xAI Terms of Service

18.    To use and interact with Grok, users must acknowledge and agree to a set of binding Terms of Service that "apply to [users'] use of Grok," and are at all times publicly available on Grok.com, both to new and existing users. For example, at all relevant times, the xAI Terms of Service have been prominently linked on Grok.com via a bold, white hyperlink against a black backdrop below where users enter their queries, informing users that "[b]y messaging Grok, you agree to our Terms and Privacy Policy," both of which contain hyperlinks to xAI's then-existing Terms of Service and Privacy Policy.

19.    Users may, but are not required to, create xAI accounts on Grok.com. Users who create xAI accounts are notified of the xAI Terms of Service prior to clicking "Sign Up." On the sign-up page, users are shown a prominent banner informing them that "[b]y continuing, you agree to xAI's Terms of Service and Privacy Policy," both of which contain hyperlinks to xAI's then-existing Terms of Service and Privacy Policy.

20.    In describing the allowed uses of Grok, the xAI Terms of Service state: "Subject to your compliance with these Terms, you may access and use our Service. You must comply with all applicable laws as well as our Acceptable Use Policy and other documentation, guidelines, or policies we make available to you, including on our website."

21.    The xAI Terms of Service further describe prohibited uses of Grok by stating: "What you cannot do. Prohibited uses of our Service include any illegal, harmful, or abusive activities, including but not limited to: . . . *causing harm or engaging in abusive activity, including*

*by:* . . . violating a person's privacy or their right to publicity, [or] the sexualization or exploitation of children," among others. The xAI Terms of Service further describe that users "are responsible for User Content[1], including ensuring that it does not violate any applicable law or these Terms."

22.    The xAI Terms of Service further provide that "[a]nyone who violates these Terms, Acceptable Use Policy, other documentation, guide-lines, or policies we make available to you" is prohibited from using Grok.

23.    The xAI Terms of Service further provide that xAI "may terminate or suspend your access to our Service or delete your account at any time without notice to you if we determine, at our sole discretion, that:

- You breached these Terms or our Acceptable Use Policy, guidelines, or other policies;
- We must do so to comply with the law;
- Your use of our Service could cause risk or harm to xAI, our users, or anyone else[.]"

24.    xAI's Acceptable Use Policy, which "applies to anyone using our Service" includes similar restrictions, stating that: "You are free to use our Service as you see fit so long as you use it to be a good human, act safely and responsibly, comply with the law, do not harm people, and respect our guardrails:

1. Comply with the law. For example, don't use our Service or Outputs to promote or engage in illegal activities, including:
   1.1. Violating copyright, trademark, or other intellectual property law
   1.2. Violating a person's privacy or their right to publicity
   1.3. Depicting likenesses of persons in a pornographic manner
   1.4. The sexualization or exploitation of children
   1.5. Operating in a regulated industry or region without complying with those regulations
   1.6. Defrauding, defaming, scamming, or spamming

---

[1] In defining the term "User Content," the xAI Terms of Service state: "You Own Your User Content. You may provide input (e.g., text, audio, images, video, code, files, folders, drives, etc.) to the Service ('Input') and receive output from the Service (excluding output from Grokipedia) based on the Input ('Output'). Collectively, Input and Output are 'User Content.'"

       1.7. Espionage, spying, stalking, hacking, doxing, or phishing

2. Do not harm people or property. This prohibition includes things like using our Service or Outputs to:

       2.1. Critically harm or promoting critically harming human life (yours or anyone else's)

       2.2. Take unauthorized actions on behalf of others

       2.3. Develop bioweapons, chemical weapons, or weapons of mass destruction

       2.4. Destroy property

3. Respect guardrails and don't mislead. Don't circumvent safeguards unless you are part of an official Red Team or otherwise have our official blessing. Don't mislead people as to the nature and source of Outputs, including images. You should be transparent and disclose your use of AI assistance and potential limitations, as applicable.

       We report suspected child sexual abuse material to the National Center for Missing and Exploited Children.

25.     The xAI Terms of Service also include an indemnification provision, prominently titled "Indemnity," which states, in full:

> To the fullest extent permitted by law, you will defend, indemnify, and hold xAI and our parents, subsidiaries and affiliates, and our and their respective agents, suppliers, licensors, employees, contractors, officers, and directors (collectively the "xAI Indemnitees") harmless from and against any and all claims, damages (whether direct, indirect, incidental, consequential, or otherwise), obligations, losses, liabilities, costs, debts, and expenses (including, but not limited to, legal fees) arising from or related to your use of the Service and Output, your Input, or any violation of these Terms.

## B.  Defendant Harwood's xAI Accounts

26.     Defendant created xAI accounts under the user names "ceae2cb4-a9f6-4885-8ae9-6e2096d084f4" and "befccb94-4029-454d-9f1f-0d4945e8fa7c"  on December 8, 2025 and December 10, 2025, respectively. By creating each account, Defendant agreed to the xAI Terms of Service.

## C.  Defendant Harwood's Egregious—and Unlawful—Violations of the xAI Terms of Service

27.     A review of Defendant's xAI accounts shows that on numerous occasions between at least as early as December 8, 2025 and at least as late as February 18, 2026 (the "Relevant

Period"), Defendant uploaded non-sexual images of numerous adults and minors, which Defendant then utilized, or attempted to utilize, Grok to alter and/or generate new images and/or videos depicting those individuals in a pornographic manner or otherwise sexualizing them. Upon information and belief, Defendant did so without those individuals' consent.

28.    A review of Defendant's xAI accounts further shows that on numerous occasions during the Relevant Period, Defendant submitted prompts to Grok to alter such images to sexualize the subjects of the images, which Grok responded to by refusing to follow the prompts on the basis that such material violated Grok's content moderation guardrails. In response, Defendant repeatedly submitted further prompts, with alterations, in an effort to circumvent Grok's moderation efforts.

29.    In clear violation of the xAI Terms of Service and of U.S. law, some of the obscene images produced by Defendant involved the likeness of minor children.

30.    On at least one occasion, Defendant uploaded an image of a fully dressed female, who appeared approximately 10 or 11 years old at the time of the photo. Defendant then submitted numerous prompts requesting that Grok generate sexualized images of that individual, including for example, submitting the following prompt on or about January 1, 2026: "She does her best Playboy model impression as the camera pulls away. She is lying on her back on her bed.  Remove all of her clothing. She has lollipops covering her nipples and a very large lollipop between her thighs covering her crotch area. She is lying in a large pool of thick white slime with smaller candies in the slime. Keep her facial features and face as it is. Do not change her face or hair."

31.    Grok refused to generate content in response to this prompt based on its technological safeguards and content moderation guidelines.

32.    After Grok rejected Defendant's request, Defendant submitted additional modified

prompts in an attempt to circumvent Grok's technological safeguards.

33.     Defendant continued to use Grok during the Relevant Period after violating the xAI Terms of Service. The xAI Terms of Service to which he agreed prohibited his use after his prior violations.

34.     On March 9, 2026, the South Carolina Office of the Attorney General publicly announced "the arrest of Terry Wayne Harwood, 67, of Gray Court, S.C." and three others as part of the Office's ongoing Internet Crimes Against Children Task Force. Harwood was charged with "three counts of sexual exploitation of a minor, second degree (§16-15-405)" and "five counts of sexual exploitation of a minor, third degree (§16-15-410)," both felonies punishable by up to ten years imprisonment on each count. "Investigators state that Harwood possessed and distributed files of child sexual abuse material." The criminal charges against Harwood were filed in Laurens County, South Carolina and have since been assigned Case Nos. 2026A3010100169–71 and 2026A3010100174–78 (the "Harwood Criminal Action"). Plaintiff is actively providing its full support to the ongoing prosecution.

35.     Upon information and belief, at least some of the images at-issue in the Harwood Criminal Action were generated or altered through Defendant's violative use of Grok.

36.     As a result of Defendant's violative use of Grok, to the extent Plaintiff is sued by anyone for damages resulting from Defendant's conduct, Plaintiff will be forced to incur substantial legal fees and face the risk of considerable liability for damages that those victims of Defendant's conduct have potentially suffered.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

37.     Plaintiff incorporates by reference each and every allegation set forth above.

38.     Defendant agreed to the xAI Terms of Service and Acceptable Use Policy when he created and used his xAI account.

39.     The xAI Terms of Service and Acceptable Use Policy are a valid, enforceable contract.

40.     Plaintiff performed its obligations under the xAI Terms of Service and Acceptable Use Policy.

41.     Defendant breached the xAI Terms of Service and Acceptable Use Policy by leveraging Grok to generate non-consensual sexually explicit images and CSAM.

42.     Among Defendant's various other breaches described herein:

a) Defendant manipulated Grok to create sexually explicit images of others without their consent, in contravention of the xAI Terms of Service, which prohibit, among other conduct, using Grok to aid in violating a person's privacy or their right to publicity.

b) Defendant manipulated Grok to create CSAM, in contravention of the xAI Terms of Service, which prohibit, among other conduct, the sexualization or exploitation of children.

43.     Plaintiff has been damaged by Defendant's breaches of the xAI Terms of Service.

44.     The xAI Terms of Service contain a clear and conspicuous indemnification provision that states: "You agree to indemnify, defend, and hold harmless xAI, its affiliates, officers, directors, employees, and agents from and against any and all claims, demands, losses, damages, liabilities, costs, and expenses (including reasonable attorneys' fees and court costs)

10

arising out of or in any way related to (a) your access to or use of the Services, (b) your User Content or Outputs, (c) your violation of these Terms or any applicable law or regulation, or (d) any third-party claim resulting therefrom, including but not limited to claims of privacy violation, right-of-publicity infringement, or harm caused by content you generate or distribute using the Services."

45.     Defendant's conduct directly triggered this indemnity obligation. As detailed above, Defendant knowingly and intentionally used Grok to circumvent safeguards, alter non-consensual images, and generate and distribute CSAM and NCII.

46.     To the extent that Defendant's misuse caused real harm to third parties, exposed xAI to potential third-party claims and lawsuits, and has caused and continues to cause xAI reputational harm and other damages, xAI is entitled to indemnification.

47.     As a result of these breaches, Plaintiff seeks indemnification, attorneys' fees and court costs, declaratory relief, and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant and grant the following relief:

A.     Enter judgment in favor of Plaintiff, against Defendant;

B.     Declare that Defendant has breached the xAI Terms of Service;

C.     Order that Defendant indemnify Plaintiff for all reasonable expenses incurred defending itself in any legal action filed by a victim of Defendant's conduct, including, to the extent they exist, those already incurred;

D.     Award Plaintiff its damages incurred as a result of Defendant's conduct, including any real harm to third parties, exposure to potential third-party claims and lawsuits,

11

and any xAI reputational harm and other damages, including, to the extent they exist, those already incurred;

E.    Enter a permanent injunction enjoining Defendant from attempting to create any xAI accounts, or from otherwise using Grok;

F.    Enter judgment awarding Plaintiff its attorney's fees and costs; and

G.    Order such other relief that the Court deems just and reasonable.

DATED: July 14, 2026

Respectfully submitted,

*/s/ Chad Fillmore*_____
Chad Fillmore
TXBN 00785861

BROWN PRUITT WAMBSGANSS DEAN
    FORMAN & MOORE, P.C.
201 Main Street, Suite 700
Fort Worth, Texas 76102
Tel: (817) 338-4888
Fax: (817) 338-0700
cfillmore@brownpruitt.com

*Attorney for Plaintiff*